IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS KENARD JOE, § | | |
| TDCJ No. 1047716, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-2848-S-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Demarcus Kenard Joe, a Texas prisoner serving life sentences after being convicted of murder and capital murder in Dallas County, has filed another *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, again collaterally attacking his Dallas County convictions. *See* Dkt. No. 3 (citing the state habeas statute and the Texas Rules of Evidence and requesting "Twenty Six Trillion dollars and no cents").

This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Joe's petition is an unauthorized successive habeas application, and considering his numerous past challenges to these convictions, the Court should dismiss the application without prejudice to Joe's right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a

successive habeas application.

> Joe
>
> previously challenged his [murder and] capital murder convictions and sentences under 28 U.S.C § 2254, and his petitions were dismissed as barred by the statute of limitations by amended judgment dated February 3, 2016. *See Joe v. Fitzsimmons*, No. 3:15-CV-3303-B (N.D. Tex. Feb. 3, 2016) (docs. 13, 17, 19). He filed successive § 2254 petitions challenging the [murder and] capital murder convictions that were transferred to the Fifth Circuit. *See Joe v. Davis*, No. 3:17-CV-2850-G (Nov. 30, 2017); *Joe v. Davis*, No. 3:17-CV-690-G (N.D. Tex. Mar. 27, 2017). He challenged his conviction and deferred adjudication probation in Cause Number F00-49647 under § 2254, and it was dismissed for lack of subject matter jurisdiction because he was no longer in custody under Cause Number F00-49647. *See Joe*, 2016 WL 1588150.

*Joe v. Texas*, No. 3:18-cv-09-G-BH, 2018 WL 1009258, at *3 n.1 (N.D. Tex. Jan. 22, 2018), *rec. accepted*, 2018 WL 949230 (N.D. Tex. Feb. 16, 2018).

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not

> ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Joe's current claims are predominantly an attack on his underlying convictions that allege defects in those convictions that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Joe when he filed an initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222.[1] Joe is therefore currently attempting to present claims that are successive. And his failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives this Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this application

---

[1] *See also In re Will*, 970 F.3d 536, 2020 WL 4500074, at *2 (5th Cir. Aug. 5, 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citing *Blackman v. Davis*, 909 F.3d 772, 778-79, 778 n.2 (5th Cir.), *as revised* (Dec. 26, 2018))); *Leal Garcia*, 573 F.3d at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive.").

to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631 But, given Joe's history of filing petitions aimed at these convictions, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss Petitioner Demarcus Kenard Joe's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: September 16, 2020

                                                  _____
                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE